IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY C. ELLIS,                      :

    Plaintiff,                  :

vs.                                 :   CIVIL ACTION 06-0596-CG-M

STATE OF ALABAMA,                   :

    Defendant.                  :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a Complaint invoking the Court's jurisdiction under 28 U.S.C. § 1331.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]  It is recommended this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

I. Complaint (Doc. 1).

Plaintiff names as the sole Defendant State of Alabama, and invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 for a violation of her procedural due process rights under the Fourteenth Amendment.  (Doc. 1)  However, Plaintiff's specific claim against the State is unintelligible

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), to the Magistrate Judges for hearing and determination.

because her allegations are not supported by facts.  The following is the sum of her allegations comprising her claim.

> Access To Redress STATE(Supreme Court) Deprivation of the (Federal)(Procedural) Due Process of Property Right by STATE(Law)(§ 12-1-7) Confirmation of Fraud (Extrinsic)(presented/'taken' in the STATE under the Recording Act).*

> * Plaintiff's cause of action in the State sought redress, thereof

> 4.  PLAINTIFF alleges that the Recording Act, Code of Ala., 1975, as utilized by the STATE, violates Amendment 14, U.S.C.A., inasmuch as, it is being used as an expedient to deprive 'due process rights'.[2]

For relief, Plaintiff requests this Court to exercise its jurisdiction over her action.

II.  <u>Discussion</u>.

---

[2] The undersigned observes that Plaintiff previously filed an action in this Court, *Mary Ellis v. State of Alabama, et al.,* CA 05-0117-P-M (S.D. Ala. July 14, 2001), against Defendants State of Alabama, Alabama Supreme Court, and Alabama State Bar.  Plaintiff claimed that there was a "fraudulent conveyance" of property from her mother's estate by the probate court causing Plaintiff to file numerous appeals and proceedings, which involved the Alabama Supreme Court and the State.  (Doc. 1)
    In dismissing the action, this Court found the action was a collateral attack on a state-court judgment and, therefore, it lacked subject-matter jurisdiction.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, (1983) (a federal district court lacks subject matter jurisdiction to review claims that were previously ruled upon by a state court).  (Docs. 3 & 6)  Also, Plaintiff was advised in the Report and Recommendation that the State of Alabama was due to be dismissed on the alternate basis of sovereign immunity.  (Doc. 3)

A.  <u>Frivolity Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)(i)</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[3]  *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

---

[3]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

3

baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

    B.  <u>Analysis</u>.

    The sole Defendant is the State of Alabama. Who this Defendant is determines the outcome of Plaintiff's action. The Defendant, as the State, is entitled to immunity from suit by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058 (1978) (ruling the Eleventh Amendment barred an action against the State).

    The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Id*. at 781, 98 S.Ct. at 3057; *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2310 (1989). The two exceptions to sovereign immunity are if the State has waived its immunity or if Congress has abrogated the State's immunity. *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama though has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3058 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity). Nor has Congress in § 1983, assuming Plaintiff would have wanted to use this remedial vehicle as she

did not identified one, abrogated a State's Eleventh Amendment immunity.  *Carr,* 916 F.2d at 1525 (citing *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147 (1979)); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).  Thus, because Defendant State of Alabama is entitled to Eleventh Amendment immunity, it is due to be dismissed because the claim against it is frivolous as a matter of law.

Furthermore, if Plaintiff had identified this action as a § 1983 action, § 1983 requires that a "person" be named as a Defendant.[4]  However, a state is a not "person" for the purpose of § 1983 action.  *Will,* 491 U.S. at 64, 109 S.Ct. at 2308.  For this reason, a § 1983 action against Defendant State of Alabama would also be frivolous.

---

[4]Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usuage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (Emphasis added.)

III.  <u>Conclusion</u>.

    Based upon the foregoing reasons, it is recommended this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br><u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a

Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 6th day of February, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE