IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY C. ELLIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 06-0596-CG-M |
| STATE OF ALABAMA, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 4) and the objection of petitioner to the report and recommendation (Doc. 7). The magistrate judge recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), as frivolous. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that this case is due to be dismissed.

The magistrate judge found plaintiff's claims were frivolous because her allegations are mere legal conclusions unsupported by any allegations of fact. Plaintiff's complaint alleges that the State of Alabama violated her procedural due process rights under the Fourteenth Amendment, but failed to specify with any clarity how her rights were violated. The complaint is largely incomprehensible but uses the words "fraud," and "property right" and states that "the Recording Act, Code of Ala., 1975, as utilized by the STATE, violates Amendment 14, U.S.C.A. inasmuch as, it is being used as an expedient to deprive 'due process rights.'" The magistrate judge held that the State was entitled to Eleventh Amendment immunity and could not be sued under § 1983 because it was not a "person."

Plaintiff's objection apologizes for the "confusion" and asks the court to allow an

amended complaint which she included with her objection.  The proposed amended complaint, like the original, is impossible to understand.  It replaces the State of Alabama as the named defendant with "Marvin Runyon, Postmaster General for the United States Postal Service, Southern Region Agency." (Doc. 8).  The amended complaint states that it is brought "TO SET ASIDE the JUDGMENT (#2907) as being entered on <u>January 26, 1994</u>." (Doc. 8, emphasis in original).  The complaint goes on to state allegations regarding "the DEFENDANT PARTY's Attorney" alleging that he presented fraud upon the court in her Title VII action and:

> deliberately violated "the PRIVACY ACT PROTECTION ORDER to gain Acess to PLAINTIFF'S personell file with the Agency, the influenced the Court to reschedule the TRIAL date from June 1993 to November 15-16, 1993, (date Plaintiff's husband was K/A in Viet Nam 1970) intentionally mean to cause her duress.

(Doc. 8).  The proposed amended complaint then alleges that "the DEFENDANT PARTY'S Attorney presented further FRAUD UPON THE COURT."

The court finds that allowing plaintiff to amend her complaint would be futile.  The claims (such as they are) in the proposed amended complaint do not even appear to be related to the claims in her original complaint.  The only similarity is that both include an allegation of fraud.  What specific acts by what specific parties might have constituted the alleged fraud is impossible to discern.  The court will not allow plaintiff to amend by filing completely new claims against new parties upon discovering that her original claims are subject to being dismissed.   Moreover, the new allegations raise claims against "defendant party's attorney" without specifying who that might be and lists violations that apparently occurred over 13 years ago.  To the extent plaintiff seeks relief against "defendant party's attorney," plaintiff's claims are barred by Alabama's  statute of limitations, which limits the time for which fraud and invasion of privacy claims can be brought to two years from the time they accrued.  <u>See</u>

ALA.CODE § 6-2-38(l) (1975).  While there is no express time limitation for an independent action seeking relief from judgment due to fraud upon the court, the court finds that waiting 13 years to bring such claims is unreasonable.  Additionally, plaintiff has not sufficiently pled fraud upon the court.

> "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.... Less egregious misconduct such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."

Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted).  "'[F]raud upon the court' is narrowly construed.  It has been found only in those instances where the fraud vitiates the court's ability to reach an impartial disposition of the case before it." Davenport Recycling Assoc. v. C.I.R., 220 F.3d 1255, 1262 (11th Cir. 2000) (citations omitted).  Plaintiff's scant and conclusory claims clearly do not satisfy the pleading requirements for fraud.  Rule 9(b) of the Federal Rules of Civil Procedure specifies that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1) is **ADOPTED** as the opinion of this court.  It is **ORDERED** that this case be, and is, hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) because the claim is frivolous.

**DONE** and **ORDERED** this 23rd day of May, 2007.

   /s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE